UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DADE DIVISION
Case No.:

**DAWN WILLIAMS,**

    Plaintiff,

vs.

**ROYAL CARIBBEAN CRUISES, LTD.**

    Defendant,

_____/

## COMPLAINT

Plaintiff, DAWN WILLIAMS hereby sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., and state as follows:

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff is a Florida citizen and RCCL is a Florida citizen.

2. This Court is the proper venue for this case because RCCL operates its common carrier cruise line in Miami, and because the parties agreed to litigate this dispute in this Court.

3. Plaintiff, DAWN WILLIAMS, is a resident in Broward County, Florida and are sui juris.

4. Defendant, ROYAL CARIBBEAN CRUISES, LTD., (hereinafter referred to as "RCCL") is a Florida Corporation registered and doing business in Miami- Dade County, Florida.

5. RCCL is now, and at all times mentioned was, engaged in the cruise line business called ROYAL CARIBBEAN CRUISES, LTD operating at 1050 Caribbean Way, Miami, Florida.

6. At all times material hereto, RCCL acted by and through its employees, servants, agents, and/or apparent agents, who were acting within the course and scope of their employment and in furtherance of RCCL's business pursuits.

7. RCCL is now, and at all times mentioned, was further engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

8. Plaintiff satisfied all conditions precedent or they are waived.

## BACKGROUND

9. RCCL has a highly experienced management team that is committed to ensuring the safety of its passengers.

10. RCCL places the utmost importance on the safety of its passengers, including but not limited to MRS. WILLIAMS.

11. RCCL works to makes sure its cruises are the safest in the industry.

12. RCCL requires each of its employees to observe the highest standards of safety.

13. RCCL is proud of the food choices it offers on its ships.

14. Food is one of RCCL's largest operating expenses on its ships.

15. RCCL knows ciguatera fish poisoning is a constant threat on its ships.

16. RCCL knew or should have known of the dangers posed by ciguatoxins.

17. RCCL makes every effort to avoid exposing its passengers to unnecessary health risks.

18. RCCL's knowledge of the dangers posed by ciguatoxins is superior to MRS. WILLIAIMS.

19. RCCL operated, possessed, and controlled the M/V Radiance of the Seas (the ship).

## FACTS

20. Sometime prior to June 12, 2018, RCCL obtained certain fish which contained ciguatera.

21. MRS. WILLIAMS was a lawful ticketed invitee on the ship for a multi-day cruise (the cruise) aboard the ship.

22. On June 12, 2018, MRS. WILLIAMS entered the dining area of RCCL for the purpose of consuming dinner that was included in the price MRS. WILLIAMS paid the cruise.

23. Amongst certain other items, MRS. WILLIAMS consumed certain fish purchased by and provided by RCCL.

24. MRS. WILLIAMS consumed said fish during the cruise.

25. Unbeknownst to MRS. WILLIAMS, the fish which RCCL sold, and which was consumed by MRS. WILLIAMS, was spoiled, unwholesome and unfit for human consumption, thereby causing DAWN WILLIAMS to become ill.

26. More specifically, the fish in question was contaminated with Ciguatera and contained Ciguatoxin at levels sufficient to cause human illness.

27. Within a few hours of consuming the subject fish, MRS. WILLIAMS experienced significant respiratory problems and peripheral neuropathy, followed by severe pain. She continues to suffer from neurological symptoms, as well as allergic reactions. MRS. WILLIAMS remains ill and permanently injured to this day.

## COUNT I – STRICT LIABILITY

DAWN WILLIAMS adopts and realleges the allegations of Paragraphs 1 through 27 hereof and incorporate the same by reference as though fully set forth herein.

28. RCCL placed for sale and distributed the fish which is the subject of this action, in a defective, adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption condition.

29. RCCL knew that the fish would be consumed without inspection for defects, adulteration, impurities, poison, harmfulness, deadliness, and/or lack of fitness for human consumption condition.

30. RCCL knew or should have known that the ultimate consumer would not and could not properly inspect this product for defects, adulteration, impurities, poison, harmfulness, deadliness, and lack of fitness for human consumption and that detection of such defects, adulteration, impurities, poison, harmfulness, deadliness, and/or lack of fitness for human consumption would be beyond the capabilities of the ultimate consumers, such as MRS. WILLIAMS.

31. MRS. WILLIAMS ultimately selected said fish as part of the cruise she purchased, which was defective, adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

32. The subject fish contained the poisonous toxin, ciguatoxin.

33. The subject fish was defective, adulterated, impure, poisonous, harmful, deadly, and/or lack of fitness for human consumption to ultimate consumers at the time it was sold and distributed by RCCL. The food was unreasonably dangerous because it was unreasonably adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

34. At the time of the incident, the subject fish was substantially unchanged from its condition when sold and distributed by RCCL.

35. For the reasons set forth above, the fish was unreasonably and inherently dangerous to members of the general public, including MRS. WILLIAMS, when the product was used for its ordinary and foreseeable purposes.

36. MRS. WILLIAMS were foreseeable users and at the time of the incident were using the subject fish in a foreseeable manner.

37. The defects described above directly and proximately caused the incident and MRS. WILLIAMS injuries and damages, in that it directly and in natural and continuous sequence produced or contributed substantially to MRS. WILLIAMS' injuries and damages.

38. As a direct and proximate result thereof, MRS. WILLIAMS has suffered great bodily injury, pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of the ability to earn money, aggravation of a previously existing condition, as well as loss of consortium. These losses are permanent and continuing, and MRS. WILLIAMS will continue to suffer these losses in the future.

WHEREFORE, DAWN WILLIAMS demands judgment for damages against RCCL for compensatory damages in excess of the jurisdictional limits, plus costs, as well as other damages DAWN WILLIAMS may become entitled.

## COUNT II – NEGLIGENCE

DAWN WILLIAMS adopts and reallege the allegations of Paragraphs 1 through 27 hereof and incorporate the same by reference as though fully set forth herein.

39. RCCL owed a duty to MRS. WILLIAMS to not sell or deliver any food that was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

40. RCCL negligently breached its duty to MRS. WILLIAMS by its sale and delivery of fish that was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption and otherwise failed to exercise reasonable care under the circumstances.

41. Moreover, RCCL had a duty to hire, train, supervise and retain its employees in a reasonable and prudent manner.

42. RCCL was negligent in its hiring, training, supervising and retention of their employees, such that adulterated, impure, poisonous, harmful, deadly, and/or food not fit for human consumption reached consumers, such as MRS. WILLIAMS.

43. As a direct and proximate result thereof, MRS. WILLIAMS has suffered great bodily injury, pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, as well as loss of consortium. These losses are permanent and continuing, and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE, MRS. WILLIAMS demands judgment for damages against RCCL for compensatory damages in excess of the jurisdictional limits, plus costs, as well as other damages MRS. WILLIAMS may become entitled.

## COUNT III - VIOLATION OF FLORIDA STATUTES

DAWN WILLIAMS adopt and reallege the allegations of Paragraphs 1 through 27 hereof and incorporate the same by reference as though fully set forth herein.

44.     Pursuant to Florida Statutes, including but not limited to F.S. §500.04 and §500.10, RCCL owed a statutory duty to MRS. WILLIAMS to refrain from selling or delivering any food that was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

45.     MRS. WILLIAMS was a member of the class intended to be protected by these statutory sections and the injuries they sustained are of the types that these statutory sections are intended to protect and prevent.

46.     Pursuant to Florida Statutes, RCCL negligently breached its statutory duty to MRS. WILLIAMS by its sale and delivery of food that was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption and otherwise failed to exercise reasonable care under the circumstances.

47.     As a direct and proximate result thereof, MRS. WILLIAMS has suffered great bodily injury, pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, as well as loss of consortium. These losses are permanent and continuing, and MRS. WILLIAMS will continue to suffer these losses in the future.

WHEREFORE, DAWN WILLIAMS demands judgment for damages against RCCL for compensatory damages in excess of the jurisdictional limits, plus costs, as well as other damages DAWN WILLIAMS may become entitled.

## COUNT IV – BREACH OF IMPLIED WARRANTY

DAWN WILLIAMS adopt and reallege the allegations of Paragraphs 1 through 27 hereof and incorporate the same by reference as though fully set forth herein.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

48. This is an action pursuant to Florida Statutes, including but not limited to F.S. §672.314 and §672.318.

49. It was known by and/or reasonably foreseeable to RCCL that the subject fish would be purchased by MRS. WILLIAMS and consumed by members of the public, such as MRS. WILLIAMS.

50. RCCL also impliedly warranted the public and to MRS. WILLIAMS specifically that the subject fish was not adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

51. MRS. WILLIAMS relied upon said implied warranty.

52. MRS. WILLIAMS and/or her agents/representatives, provided notice to RCCL regarding said breach of implied warranty.

53. RCCL breached the above-described implied warranty in that said food was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

54. As a direct and proximate result thereof, MRS. WILLIAMS has suffered great bodily injury, pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, as well as loss of consortium. These losses are permanent and continuing, and MRS. WILLIAMS will continue to suffer these losses in the future.

WHEREFORE, DAWN WILLIAMS demands judgment for damages against RCCL for compensatory damages in excess of the jurisdictional limits, plus costs, as well as other damages DAWN WILLIAMS may become entitled.

**THE LAW OFFICES OF TODD S. STEWART, P.A.**

## COUNT V - BREACH OF EXPRESS WARRANTY

DAWN WILLIAMS adopts and reallege the allegations of Paragraphs 1 through 27 hereof and incorporate the same by reference as though fully set forth herein.

55. This is an action pursuant to Florida Statutes, including but not limited to F.S. §672.313 and §672.318.

56. It was known by and/or reasonably foreseeable to RCCL that the subject fish would be purchased by and consumed by members of the public such as MRS. WILLIAMS.

57. RCCL expressly warranted to the public and to MRS. WILLIAMS that the subject fish was not adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

58. MRS. WILLIAMS relied upon said express warranties.

59. MRS. WILLIAMS and/or his agents/representatives, provided notice to RCCL regarding said breach of express warranty.

60. RCCL breached the above-described express warranty in that the subject fish was adulterated, impure, poisonous, harmful, deadly, and/or not fit for human consumption.

61. As a direct and proximate result thereof, MRS. WILLIAMS has suffered great bodily injury, pain and suffering, disability, disfigurement, emotional distress, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, as well as loss of consortium. These losses are permanent and continuing, and MRS. WILLIAMS will continue to suffer these losses in the future.

WHEREFORE, DAWN WILLIAMS demands judgment for damages against RCCL for compensatory damages in excess of the jurisdictional limits, plus costs, as well as other damages DAWN WILLIAMS may become entitled.

DATED THIS __16th__ day of May, 2019.

TODD S. STEWART, P.A.

_____
The Law Offices of Todd S. Stewart, P.A.
FL Bar No.: 0940674
824 West Indiantown Road
Jupiter, FL  33458
(561) 743-2002
Fax: (561) 743-2009
Todd@trialcounselor.com
Alicia@trialcounselor.com

MARK HANSON, ESQ.
Florida Bar No: 621651
GORDON & PARTNERS
3309 Northlake Boulevard, Suite 207
Palm Beach Gardens, FL  33403
Telephone:  561-799-5070
Fax:  561-799-5763
Mhanson@fortheinjured.com
mweschrek@fortheinjured.com

Attorneys for Plaintiff