UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-21991-CMA

DAWN WILLIAMS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## ROYAL CARIBBEAN CRUISES LTD.'S MOTION TO DISMISS COUNTS I, III, IV and V OF PLAINTIFF'S AMENDED COMPLAINT [D.E. 9]

Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, hereby files this Motion to Dismiss Counts I, III and IV and V of Plaintiff's Amended Complaint [D.E. 9], and in support Defendant states as follows:

1.    This is a personal injury action involving a cruise ship passenger who allegedly became ill after ingesting fish contaminated with ciguatera during a cruise on one of Defendant's vessels. [D.E. 9 ¶ 28-29].

2.    The Amended Complaint contains claims for strict liability (Count I), negligence (Count II), violation of Florida Statutes (Count III), breach of implied warranty (Count IV), and breach of express warranty (Count V). Plaintiff's claims for strict liability (Count I), violation of Florida Statutes (Count III), breach of implied warranty (Count IV), and breach of express warranty (Count V) must be dismissed because they fail to set forth a valid cause of action under general maritime law.

CASE NO. 1:19-CV-21991-CMA

## MEMORANDUM OF LAW

### A. Federal Maritime Law Governs this Matter

This matter is controlled by the general maritime law of the United States, as the alleged underlying tort occurred upon navigable waters and bears a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972); *Foremost Ins. Co. Richardson*, 457 U.S. 668 (1982); *Sisson v. Ruby*, 497 U.S. 358 (1990). In addition, the law governing suits brought by passengers against cruise lines is the general maritime law of the United States. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989); *Smolnokar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011); THOMAS J. SCHOENBAUM, 1 ADMIRALTY AND MARITIME LAW §3-5 (2d ed. 1994).

### B. Motion to Dismiss Standard

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 Fed. App'x 535, 536 (11th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss).

Under *Twombly* and *Iqbal*, a sufficient factual basis for the allegation must be alleged. A complaint is insufficient if "it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678. A complaint must contain sufficient factual matter,

2

CASE NO. 1:19-CV-21991-CMA

accepted as true, to "state a claim to relief that is plausible on its face." *Id*. "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations with support the cause of action." *Marshall County Bd. Of Educ. V. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### C. Passenger claims sounding in negligence cannot be brought against a ship owner under a theory of strict liability

In Count I of the Amended Complaint, Plaintiff alleges that Defendant is strictly liable to Plaintiff for selling her fish during her cruise that was unreasonably and inherently dangerous for human consumption. [D.E. 9 ¶ 34-38]. However, the standard of care owed by the owner of a vessel to its passengers under maritime law is the duty to act reasonably under the circumstances; passengers are not owed any higher duty. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625 (1959)*; Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990). This Circuit's decisions have repeatedly held that a ship operator "is not liable to passengers as an insurer, but only for its negligence." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1334 (11th Cir. 1984); *see also Everett,* 912 F.2d at 1358 n.3. The decisions in this Circuit have "consistently found that a ship operator owes its passengers a duty to act reasonably under the circumstances in personal injury claims involving unintentional torts." *Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d 1275, 1281-1282 (S.D. Fla. 2005), citing *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n. 1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger.").

CASE NO. 1:19-CV-21991-CMA

In *Bird*, which is directly on point, this Court dismissed a strict liability claim against a cruise line where the passenger alleged she had contracted bacterial enteritis as a result of poisoning from food ingested on board the cruise. *Bird,* 428 F. Supp. 2d at 1284. In so holding, this Court determined that there was no reason to depart from the "reasonable care" standard of care established by precedent for injuries resulting from a ship operator's provision of food and/or drink to its passengers. *Id.* Accordingly, Plaintiff's claim for strict liability in Count I of the Amended Complaint, which arises from the alleged provision of contaminated food to a cruise ship passenger by a ship operator, must be dismissed for failure to state a cause of action under maritime law.

### D. Claims for Violation of Florida Statutes Conflict with Maritime Law

In Count III of the Amended Complaint, Plaintiff alleges that Defendant owed Plaintiff a statutory duty pursuant to Florida Statutes §§ 500.04 and 500.10 not to sell or deliver her food that was adulterated, impure, poisonous, harmful, deadly and/or not fit for human consumption. [D.E. 9 ¶ 47]. Plaintiff alleges that Defendant breached its statutory duty to Plaintiff. As set forth above, this matter is governed by maritime law. *Jackson v. Carnival Cruise Lines, Inc.,* 2013 F. Supp. 2d 1367, 1373 (S.D. Fla. 2002) (if admiralty jurisdiction exists, federal maritime law governs the substantive issues in the case). In *Kemarec,* the Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." 358 U.S. at 630-632.

Plaintiff cannot seek to impose a different standard of care on Defendant by invoking Florida statutes governing the sale of contaminated food. State law can be applied in order to

4

supplement the general maritime law, but state law cannot apply if it conflicts with general maritime law. *Jones v. Carnival Corp.*, 2006 U.S. Dist. LEXIS 101999 *2 (S.D. Fla. Jan 25, 2006), citing *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 211 n.8, 116 S. Ct. 619, 133 L. Ed. 2d 578 (1996). Causes of action premised on violations of Florida Statutes §§ 500.04 and 500.10 conflict with the Supreme Court's decision in *Kemarec*, which sets forth the standard of care owed by a vessel operator to its passengers in personal injury claims involving nonintentional torts.

Numerous courts have held that cruise line defendants cannot be held liable for alleged breaches of Florida statute where the claim is subject to general maritime law. *See e.g. Offshore Logistics Inc. v. Tallentire*, 477 U.S. 207, 227, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986) (finding that DOHSA preempts conflicting state wrongful death statutes); *Hughes v. Unitech Aircraft Servs.*, 662 So. 2d 999, 1001 (Fla. 4th DCA 1995) (recognizing that Florida's wrongful death statute remedies are preempted by the remedies authorized by DOHSA); *Ray v. Fifth Transoceanic Shipping Co., Ltd.*, 529 So. 2d 1181, 1183 (Fla. 2d DCA 1988) ("[I]n light of DOHSA's application in this case, appellant is barred from seeking recovery under the Florida Wrongful Death Act. . . . State wrongful death statutes are preempted by DOHSA."); *Bailey v. Royal Cruise Lines, Inc.*, 448 So. 2d 1090, 1091 (Fla. 3d DCA 1984) ("DOHSA pre-empts the Florida Wrongful Death Act, section 768, Florida Statutes (1981), for negligence on the high seas resulting in death . . . "). Moreover, nothing in the cited Florida statutes creates civil liability or a private cause of action under Florida law. Accordingly, Count III of the Amended Complaint must be dismissed for failure to state a claim.

### E. Implied and Express Warranty Claims are not Cognizable Under General Maritime Law

CASE NO. 1:19-CV-21991-CMA

In Count IV, Plaintiff alleges that Defendant, pursuant to Florida Statutes §§ 672.313 and 672.318, impliedly warranted to Plaintiff that the subject fish was not adulterated, impure, poisonous, harmful and/or not fit for human consumption. [D.E. 9 ¶¶ 51-53]. In Count V, Plaintiff alleges that Florida Statutes §§ 672.313 and 672.318 create an express warranty by Defendant to Plaintiff that the subject fish was not adulterated, impure, poisonous, harmful and/or not fit for human consumption. [D.E. 9 ¶¶ 58-60]. Florida Statutes §§ 672.313 and 672.318, respectively, define express warranties and third party beneficiaries of express or implied warranties under Florida law. It is alleged that Defendant breached these implied and express warranties. [D.E. 9 ¶¶ 56 & 63]. As set forth above, state law cannot apply to Plaintiff's claims if it conflicts with general maritime law. Causes of action premised on breach of warranty pursuant to Florida Statutes §§ 672.313 and 672.318 conflict with general maritime law for the reasons sets forth below.

It is well settled that any claim against the owner of a cruise ship for the breach of a ship owner's duties under a contract of passage by water entered into with a passenger is not a contractual claim, but rather, is a maritime tort. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Hass v. Carnival Cruise Lines, Inc.*, 1986 AMC 1846, 1847 (S.D. Fla. 1986). Because "[t]he warranty of seaworthiness does not apply to fare-paying passengers," *Hass*, 1986 AMC at 1847, absent an express contractual clause obligating Defendant to provide safe passage, Plaintiff's claims, if any, sound in tort not contract. This view is succinctly stated in Hass:

> The warranty of seaworthiness does not apply to fare-paying passengers. A review of the contract of carriage reveals no provision guaranteeing safe passage and the law of admiralty will not imply one; thus the plaintiff's only viable cause of action must be based on negligence. The shipowner has the duty to exercise

> reasonable care towards those lawfully aboard the vessel. But, because the contract in question contains no provision that would obligate the defendants to provide safe passage, it is appropriate that the defendant's motion for summary judgment as to Count II of the plaintiff's complaint be granted.

*Hass*, 1986 AMC at 1847 (internal citations omitted). *See also Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1377 (S.D. Fla. 2002) ("the law is clear that maritime law will not imply a provision guaranteeing safe passage.")

This Court dealt with this very issue in the *Bird* case, discussed *supra*, and dismissed a breach of implied warranty claim in a case involving alleged food poisoning contracted on a cruise ship. 428 F. Supp. 2d at 1281. This Court noted that it is black letter law that admiralty law will not imply a warranty of safe passage or seaworthiness where the warranties are not expressly made part of a passenger's contract. *Id.* at 1279. Similarly, in *Berger v. Celebrity Cruise Lines, Inc.*, 2015 U.S. Dist. LEXIS 182803 (S.D. Fla. Aug. 18, 2015), this Court dismissed a breach of implied warranty claim in a case involving a passenger who alleged he contracted food poisoning on a cruise ship. The Court again held that maritime law does not allowed a claim for breach of implied warranty of fitness and merchantability. Id. at *2.

Plaintiff has not cited any provision of the ticket contract that would create express warranties or alleged any breach of express warranties. No implied warranties exist under maritime law, because maritime law will not imply a provision guaranteeing safe passage. *Jackson,* 203 F. Supp. at 1377. Accordingly, Plaintiff's remedies, if any, lie in tort and not contract.

WHEREFORE, Defendant Royal Caribbean Cruises LTD., respectfully requests this Honorable Court enter an order dismissing Counts I, III and IV and V of Plaintiff's Amended

CASE NO. 1:19-CV-21991-CMA

Complaint with prejudice. Defendant requests such further an additional relief as may be appropriate under the circumstances.

Dated: June 25, 2019
      Miami, Florida

      Respectfully submitted,

      ROYAL CARIBBEAN CRUISES LTD.
      1050 Caribbean Way
      Miami, Florida 33132
      Telephone: (305) 539-3943
      Alt. Tel.    (305) 539-4457
      Facsimile:  (305) 982-2104

      By: */s/* Natasha K. Alcivar_____
          Natasha K. Alcivar
          nalcivar@rccl.com
          Florida Bar No.: 0390054

CASE NO. 1:19-CV-21991-CMA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Natasha K. Alcivar
Natasha K. Alcivar

CASE NO. 1:19-CV-21991-CMA

**SERVICE LIST**

| | |
|---|---|
| Mark Hanson, Esq.<br>MRH.Pleadings@fortheinjured.com<br>MHanson@fortheinjured.com<br>Gordon & Doner, P.A.<br>3309 Northlake Blvd., Suite 207<br>Palm Beach Gardens, FL 33403<br>Tel. (561)799-5070<br>Fax. (561)799-5763<br><br>Todd S. Stewart, P.A.<br>Todd@trialcounselor.com<br>The Law Offices of Todd S. Stewart, P.A.<br>824 West Indiantown Road<br>Jupiter, FL 33485<br>Tel. (561)743-2002<br>Fax (561) 743-2009<br>*Attorneys for Plaintiff* | Natasha K. Alcivar, Esq.<br>nalcivar@rccl.com<br>Celebrity Cruises Inc.<br>1050 Caribbean Way<br>Miami, Florida   33132<br>(305) 539-3943 Tel.<br>(305) 539-6204 Alt. Tel.<br>(305) 539-6561 Fax<br>*Attorneys for Defendant* |